IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIFFANY TEAL, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:16-CV-2161-D |
| VS. § | |
| § | |
| FEDERAL EXPRESS CORPORATION § | |
| a/k/a FED EX EXPRESS, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

After making an independent review of the pleadings, files, and records in this case, the November 20, 2018 findings, conclusions, and recommendation of the magistrate judge, *pro se* plaintiff Tiffany Teal's ("Teal's") December 7, 2018 objections, December 16, 2018 supplemental documents, and December 29, 2018 second supplemental documents, and defendants' December 28, 2018 response in opposition to Teal's objections, the court concludes that the magistrate judge's findings and conclusions are correct. It is therefore ordered that the findings, conclusions, and recommendation of the magistrate judge are adopted, defendants' April 13, 2018 motion for summary judgment is granted, and this action is dismissed by judgment filed today.

I

Teal primarily objects to the magistrate judge's recommendation that summary judgment be granted on the ground that defendants have not fully responded to her discovery requests. But because the court has already affirmed the magistrate judge's June 20, 2018

order denying Teal's motion to extend time and ordering Teal to respond to defendants' motion for summary judgment within 21 days, and because even construing Teal's December 7, 2018 objections as a request for additional time Teal has not satisfied the Fed. R. Civ. P. 56(d) standard, the court overrules Teal's objection.

II

This case was filed on July 26, 2016. On December 6, 2016 this court entered a scheduling order that set October 24, 2017 as the deadline for completing discovery and December 15, 2017 as the deadline for filing motions for summary judgment. On December 11, 2017 the court granted Teal's motion for enlargement of time, extending the summary judgment motion deadline until February 20, 2018. The court then granted, on January 29, 2018, Teal's second motion for enlargement of time, extending the deadline for filing summary judgment motions until April 13, 2018.

On April 12, 2018 Teal filed an affidavit stating that "[p]ursuant to Federal Rules of Civil Procedure 56(d), Plaintiff Tiffany Teal for specified reasons, cannot present facts essential to justify its opposition." P. 4/12/18 Aff. at 1. In her affidavit, Teal averred that defendants had not provided her the documents that she requested, had failed to provide updated responses, and had produced fabricated documents. The following day, Teal filed a second affidavit, providing additional detail about the discovery she believed defendants had not produced and asserting again that "defendants' actions causes Plaintiff Tiffany Teal unable to present facts essential to justify its opposition pursuant to Federal Rules of Civil Procedure 56(d)." P. 4/13/18 Aff. at 16.

On April 13, 2018 defendants timely filed their motion for summary judgment. On April 16, 2018 Teal filed an objection to defendants' motion pursuant to Rule 56(d), stating, *inter alia*, that

> allowing Defendants Federal Express Corporation and Equifax Workforce Solutions to file a motion for summary judgment prior to resolution of Plaintiff's Objection and Appeal Judge's Decision on Second Motion for Default Judgment as Sanctions for Discovery Violations and Plaintiff's motion to recuse to avoid the possibility of this Court providing the requested discovery prior to resolving the disclosed issues of fact would be improper and premature as there are still clear issues of fact which preclude a proper summary judgment at this time, including the material and pertinent issue of whether Defendants has proper standing to bring this action at this time.

P. 4/16/18 Obj. at 1-2. Teal then supplemented her objection with a third affidavit, "affirming that the defendants' summary judgement should be denied as premature under FRCP Rule 56(d) because discovery has not been concluded." P. 4/16/18 Aff. at 2.

On April 26, 2018 Teal filed a third motion for enlargement of time to supplement plaintiff's motion for summary judgment. In this request, Teal sought

> enlargement of time to supplement plaintiff's motion of summary judgment once defendants' satisfy their February 21st Court Order form their discovery deficiency responses while she awaits a pending hearing or ruling from Judge Toliver regarding her: motions to compel and motion for sanctions (Dkt. 50 and 60), amended second motion for default judgment as sanctions for discovery violations (Dkt. 116), multiple affidavits and her May 1st affidavit and response and objections that identifies around thirty deficiencies that the defendants' failed to due from the February 21, 2018 Court Order. Given the plaintiff's issues raised in this motion she seeks additional time to supplement her responses once Judge Toliver conducts a hearing or ruling for defendants' further abuse for discovery.

P. 3d Mot. for Enlargement of Time at 1. Defendants opposed Teal's motion.

On June 20, 2018 Judge Toliver, the assigned United States Magistrate Judge, entered an electronic order denying Teal's April 26, 2018 motion to extend time "because Plaintiff did not file a Motion for Summary Judgment." June 20, 2018 Elec. Order. Judge Toliver also ordered Teal "to respond to Defendants' Motion for Summary Judgment within 21 days of the date of this order if she is opposed to the relief Defendants seek." *Id.* Teal objected to Judge Toliver's order and requested a *de novo* ruling, stating that she submitted three affidavits pursuant to Rule 56(d) "stating plaintiff objects to the defendants' motion for summary judgment being filed due to the fact that it is premature, and a ruse to convince the court to rule before plaintiff received what was court ordered on February 21, 2018 for plaintiff completion of discovery." P. 7/5/18 Obj. at 6-7. On July 20, 2018 the court affirmed Judge Toliver's June 20, 2018 electronic order, concluding that "Judge Toliver did not commit legal error, clear factual error, or abuse her discretion." July 20, 2018 Order.

Teal did not respond to defendants' April 13, 2018 motion for summary judgment. Accordingly, on November 20, 2018 Judge Toliver entered her findings, conclusion, and recommendation ("FCR") recommending that the motion be granted.[1] In the FCR, Judge Toliver explained:

---

[1] Teal objects to the FCR on the ground, *inter alia*, that United States Magistrate Judge Rebecca Rutherford ordered the findings, conclusions, and recommendations but that Judge Toliver signed the documents. Although Teal is correct that the court's electronic filing system indicates that the FCR was ordered by Judge Rutherford, this docket entry was made in error. The actual FCR was signed by Judge Toliver and represents findings, conclusions, and recommendations ordered by her.

> although Plaintiff filed an "objection" to Defendants' summary judgment motion, Doc. 112, she did not point to any specific material facts in dispute or respond to any of Defendants' arguments with respect to her claims. As such, the Court could find that Plaintiff has abandoned all her claims. *Matter of Dallas Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017) (holding claim abandoned when the plaintiff did not address it in opposition to motions to dismiss and for summary judgment). *But see Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (a court is not permitted to enter a "default" summary judgment but is permitted to accept the movant's facts as undisputed when no response or opposition is filed). Thus, the Court now addresses the merits of each of Plaintiff's claims.

FCR at 6. After addressing the merits, Judge Toliver concluded that defendants were entitled to summary judgment on each of Teal's claims.

On December 7, 2018[2] Teal filed objections to the FCR.[3] The sole ground for her objection appears to be that she still has not received all of the discovery responses that Judge Toliver ordered defendants to provide on February 21, 2018. On December 12, 2018 Teal filed supplemental documents that she contends support "[e]very charge that was stated in the complaint[.]" P. 12/16/18 Supplemental Documents at 1. On December 29, 2018 Teal filed additional supplemental documents that relate to her disability history, defendants' knowledge of her disability history, and her allegation that an Equifax employee named Nathan Berens defamed and maliciously blacklisted her. These documents were filed after

---

[2]Teal's objections to the FCR were due on December 4, 2018, but on November 30, 2018 Teal moved for an extension of time to file her Rule 72(b) objections, and the court granted the motion.

[3]Defendants responded to Teal's objections on December 28, 2018.

the deadlines for responding to defendants' summary judgment motion and for filing objections to the FCR.

III

To the extent Teal's objection is based on Judge Toliver's June 20, 2018 order denying Teal's request for a further extension of the summary judgment deadlines and ordering Teal to respond to defendants' motion for summary judgment within 21 days, these arguments have already been addressed and affirmed by this court. *See* July 20, 2018 Order. Accordingly, the court will not revisit them.

Even if the court were to treat Teal's December 7, 2018 objection as a request under Rule 56(d) that defendants' motion for summary judgment be denied, or, alternatively, that Teal be granted leave to take discovery and an extension of time to respond more completely to the factual allegations on which defendants base their motion, *see* P. 12/7/18 Obj. at 29, the court would deny the request because Teal has not satisfied the showing required by Rule 56(d).

"[Rule 56(d)] is an essential ingredient of the federal summary judgment scheme and provides a mechanism for dealing with the problem of premature summary judgment motions." *Parakkavetty v. Indus Int'l, Inc.*, 2004 WL 354317, at *1 (N.D. Tex. Feb. 12, 2004) (Fitzwater, J.) (citing *Owens v. Estate of Erwin*, 968 F. Supp. 320, 322 (N.D. Tex. 1997) (Fitzwater, J.) (referring to former Rule 56(f)), which was replaced by Rule 56(d)). Under Rule 56(d), the court can "(1) defer considering the [summary judgment] motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue

any other appropriate order," provided the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Rule 56(d). Rule 56(d) functions as a safe harbor that has been built into the rules so that summary judgment is not granted prematurely. *See, e.g., Union City Barge Line, Inc. v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987). It is usually invoked when a party claims that it has had insufficient time for discovery or that the relevant facts are in the exclusive control of the opposing party. *Id.* Rule 56(d) offers relief where the nonmovant has not had a full opportunity to conduct—not to complete—discovery. The two concepts are distinct. *See McCarty v. United States*, 929 F.2d 1085, 1088 (5th Cir. 1991) (per curiam) (citing *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1985)) (rejecting nonmovant's contention that district court abused its discretion by failing to permit him to complete discovery before granting summary judgment, and holding that "Rule 56 does not require that discovery take place before granting summary judgment.").

"[Rule 56(d) ] motions are broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006). Nevertheless, to warrant a continuance for purposes of obtaining discovery, "a party must indicate to the court by some statement . . . why [she] needs additional discovery and *how* the additional discovery will create a genuine issue of material fact." *Stults v. Conoco, Inc.*, 76 F.3d 651, 657-58 (5th Cir. 1996) (quoting *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993)). It is not sufficient for a summary judgment nonmovant to allege that discovery is incomplete or that discovery will produce needed but unspecified facts. *See Washington*, 901 F.2d at 1285.

The party must demonstrate "how the additional time will enable [it] to rebut the movant's allegations of no genuine issue of fact." *Id.* at 1286 (quoting *Weir v. Anaconda Co.*, 773 F.2d 1073, 1083 (10th Cir. 1985)). A nonmovant is not entitled to a continuance if it "fail[s] to explain what discovery [she] did have, why it was inadequate, and what [she] expected to learn from further discovery" and gives only "vague assertions of the need for additional discovery." *Bauer v. Albemarle Corp.*, 169 F.3d 962, 968 (5th Cir. 1999) (quoting *Reese v. Anderson*, 926 F.2d 494, 499 n.5 (5th Cir. 1991)).

Even if the court were to treat Teal's December 7, 2018 objection as a proper Rule 56(d) motion, she has failed to demonstrate why she needs additional discovery or how the additional discovery would create a genuine issue of material fact. Teal's assertion that "the documents sought here are not merely relevant to Plaintiffs claims, they are central to the case," P. 12/7/18 Obj. at 28, is insufficient to satisfy the showing required under Rule 56(d). Accordingly, to the extent Teal requests relief under Rule 56(d), her request is denied.

IV

Teal's December 16, 2018 filing contains evidence that she contends supports "[e]very charge that was stated in the complaint." P. 12/16/18 Supplemental Documents at 1. But Teal did not timely submit any of this evidence to the court in response to defendants' motion for summary judgment. Moreover, even if this court were inclined to consider this evidence in deciding whether to adopt the magistrate judge's conclusion that defendants are entitled to summary judgment, Teal has not explained *how* any of the supplemental documents, including the supplemental documents Teal filed on December 29, 2018, support

her claims or create a genuine issue of material fact that would defeat defendants' summary judgment motion.

V

Teal does not object to any of the magistrate's specific findings or the legal conclusions in the FCR other than on the grounds discussed above. The court has conducted *de novo* review of the magistrate judge's findings and conclusions and concludes that they are correct and are therefore adopted.

\* \* \*

Accordingly, for the reasons explained, the court adopts the November 20, 2018 findings and conclusions of the magistrate judge. Defendants' April 13, 2018 motion for summary judgment is granted, and this action is dismissed with prejudice by judgment filed today.

**SO ORDERED**.

January 14, 2019.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE